IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **AINSWORTH C. JACKSON,** | * |
| Plaintiff, *pro se* | * |
| v. | * Civil No. PJM 15-1233 |
| **EARLY WARNING,** *et. al.* | * |
| Defendants. | * |

## MEMORANDUM OPINION

Ainsworth C. Jackson (Jackson), *pro se*, has sued Early Warning Services, LLC (Early Warning), Equifax Information Services, LLC (Equifax), TransUnion, LLC (TransUnion), and Experian Information Solutions, Inc. (Experian). Although Jackson's Complaint contains no numbered counts, its gravamen is his belief that Defendants, all consumer reporting agencies, failed to verify the accuracy of their reporting with respect to certain of Jackson's credit accounts. On the basis of this allegation, Jackson contends that Defendants have violated provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Truth-in-Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law, § 14-201, *et seq.*,[1] and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law § 13-101, *et seq.* He also sues for common law defamation.

Jackson's Complaint was originally filed in the District Court of Maryland for Prince George's County and was removed by Experian to this Court on April 28, 2015. ECF No. 1.

---

[1] In his Complaint, Jackson references the non-existent "Maryland Consumer Debt Act." The Court assumes he is alleging violations under the Maryland Consumer Debt Collection Act.

1

Since removal, Experian, Early Warning, and TransUnion – but not Equifax – have filed Motions to Dismiss the Complaint.[2] ECF Nos. 8, 21, and 33.

For the following reasons, Experian's, Early Warning's, and TransUnion's Motions to Dismiss (ECF Nos. 8, 21, and 33) are **GRANTED IN PART** and **DENIED IN PART** as to those Defendants, and the Court will *sua sponte* dismiss certain claims against Equifax.

## I. BACKGROUND

While the Complaint is largely incoherent and devoid of material factual allegations, the Court has been able to glean certain basic facts from the filings submitted in connection with the Motions to Dismiss.[3]

As consumer reporting agencies, Early Warning, Equifax, TransUnion, and Experian are defined as "companies that collect information and provide reports on consumers that are used to decide whether to provide consumers credit, insurance, or employment, and for other purposes." Consumer Financial Protection Bureau (CFPB), *List of Consumer Reporting Agencies*, CFPB (January 14, 2015, 2:30 p.m.), http://files.consumerfinance.gov/f/201501_cfpb_list-consumer-reporting-agencies.pdf. All the Defendants collected information about Jackson's credit history and reported that information to financial institutions. *See* Compl. 2-3.

In 2013 and 2014, Jackson reviewed the credit reports prepared by Early Warning, TransUnion, and Experian and disputed the accuracy of their files. *See* Pl.'s Mot. Strike as Sham

---

[2] Equifax has filed no motion to dismiss but, as will be seen, some of the causes of action are not tenable as a matter of law against any Defendants, so those causes of action will be dismissed as to Equifax as well. Equifax, however, should be prepared to engage with appropriate pleadings, insofar as the case will be allowed to progress.

[3] The Court has drawn these facts largely from Jackson's Motions to Strike Experian's, Early Warning's, and TransUnion's Motions to Dismiss. ECF Nos. 25, 32, and 38. Although the Court has denied these motions as frivolous, ECF No. 40, the Court considers them here to the extent that they inform Jackson's opposition to the Motions to Dismiss and insofar as they provide factual information otherwise lacking in the Complaint. The Court, however, considers these facts only to establish a background; these additional filings are not deemed to be "well-pleaded allegations" by Plaintiff for the purposes of overcoming a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

and False Defendant Experian's Mot. Dismiss (Pl.'s Mot. Strike Experian's Mot.) 2-3, ECF No. 25; Pl.'s Mot. Strike as Sham and False Defendant Early Warning's Mot. Dismiss (Pl.'s Mot. Strike Early Warning' Mot.) 1-2, ECF No. 32; Pl.'s Mot. Strike as Sham and False Defendant TransUnion's Mot. Dismiss (Pl.'s Mot. Strike TransUnion's Mot.) 1-2, ECF No. 38. Specifically, Jackson supposedly contacted the three companies on numerous occasions and demanded that they verify whether certain of his credit accounts were accurately reported, and whether certain credit accounts listed in each report even belonged to him. *See* Pl.'s Mot. Strike Experian's Mot. 2-3; Pl.'s Mot. Strike Early Warning's Mot. 1-2; Pl.'s Mot. Strike TransUnion's Mot. 1-2.

Based on these facts (again, few of which are actually stated in the Complaint), Jackson alleges that Defendants violated the FCRA, 15 U.S.C. §§ 1681(e)(b), 1681(g), and 1681(i); the TILA Regulation Z, 12 C.F.R. §§ 226.12, 226.13(d)(1); the FCBA, § 1666(a)(3)(B)(ii); the FDCPA, 15 U.S.C. § 1692(g); the MCDCA; and the MCPA. Compl. 1-3. He also alleges that Defendants defamed him, stating that they "knowingly, intentionally" and "repeatedly" published false and inaccurate information about him to third parties. Compl. 1. Jackson asserts that Defendants' actions have denied him the opportunity to open up a checking account and obtain credit. *Id.* He seeks $25,000 in damages. *Id.*

Experian, Early Warning, and TransUnion have moved to dismiss the Complaint, raising largely similar grounds in their motions. Experian and Early Warning argue that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. All three Defendants assert that the Complaint fails as a matter of law to plead intelligible facts as required by Federal Rule of Civil Procedure 8(a)(2) or to state a cause of action pursuant to Rule 12(b)(6) and should be dismissed for those reasons.

The Court addresses these arguments in turn.

3

## II. DEFENDANTS' ARGUMENTS

**A. Insufficient Service of Process under Rule 12(b)(5)**

A party may bring a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). In general, when service of process gives the defendant actual notice of the pending action, a court "may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (quoting *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). Nevertheless, "the rules [of service] are there to be followed, and plain requirements for the means of effecting service may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). When the court finds that service of process was insufficient but the defendant received actual notice of the claims against it, the court may treat a motion to dismiss as a motion to quash and thereby provide the plaintiff with reasonable opportunity to attempt to effect valid service of process on the defendant. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).

Experian and Early Warning argue for dismissal based on insufficient service of process. Despite having received actual notice of the action against them, these two Defendants point to Jackson's methods of service – namely, his mailing of a copy of the Summons and Complaint to a lawyer hired by the agency (in the case of Experian) or to corporate headquarters (in the case of Early Warning) – and assert that the Complaint can be dismissed on this ground alone. *See* Experian's Mot. Dismiss 3; Early Warning's Mot. Dismiss 3.

Experian and Early Warning are quite correct to note that service was improper in this case, and that Jackson was generally required under Fed. R. Civ. P. 4(h) or Md. Rules 3-121(a)

4

and 3-124(d) to effectuate service on the two consumer reporting agencies by servicing a company agent, officer, president, secretary, or treasurer.[4] However, a court does not ordinarily dismiss a complaint based on insufficient service of process alone; instead, typically it quashes service and allows the case to remain on the docket pending effective service. *Vorhees*, 697 F.2d at 576. In this case, however, the Court takes a different tack. Requiring proper service would largely waste time, given that other grounds warrant the Complaint's dismissal. The Court, therefore, will deny Defendants' request to dismiss the case based on insufficiency of service.

## B. Sufficiency of the Complaint under Rules 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing Fed. R. Civ. P. 8(a)(2)). Supplementing Rule 8(a), Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175,

---

[4] In response to these arguments, Jackson asserts that service on Experian and Early Warning was proper, pointing to a Notice on the Prince George's County docket as proof of service. *See* Pl.'s Jud. Notice, ECF No. 31; Pl.'s Mot. Strike Early Warning's Mot. 2. The Court, of course, need not accept the clerk's mistaken conclusion that service on these two Defendants was proper.

180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

Experian, Early Warning, and TransUnion challenge the sufficiency of Jackson's Complaint as a matter of law. First, as Early Warning and TransUnion argue, the Complaint should be dismissed wholesale because it fails on its face to comply with the requirements of Rule 8(a)(2): it incomprehensibly enumerates a list of legal claims against the four Defendant consumer reporting agencies without any differentiation among the Defendants and without proffering specific factual allegations. Def. Early Warning's Mot. Dismiss 4, ECF No. 21; Def. TransUnion's Mot. Dismiss 4-5, ECF No. 33. Further, to the extent that the allegations in the Complaint are at all intelligible, the three moving Defendants contend that they fail to state a claim for relief under Rule 12(b)(6). Def. Experian's Mot. Dismiss 4-9, ECF No. 8; Def. Early Warning's Mot. Dismiss 5-10; Def. TransUnion's Mot. Dismiss 6-14. The Court agrees with Experian, Early Warning, and TransUnion, but before dismissing the Complaint, it will grant

Jackson thirty (30) days to file an Amended Complaint that covers the deficiencies the Court now addresses.

### 1) *Shotgun Pleading*

A complaint which "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief" constitutes a "shotgun pleading." *SunTrust Mortgage, Inc. v. First Residential Mortgage Servs. Corp.*, No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, No. 3:12CV162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013). Rule 8(a)(2) "prohibit[s]" "[p]leadings of this nature." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[5] Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), *see Twombly*, 550 U.S. at 555; they also "water[] down the rights of parties to have valid claims litigated efficiently" and waste scarce judicial resources, *see Byrne v. Nezhat*, 261 F.3d 1075, 1130-31 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

Early Warning characterizes Jackson's Complaint as a "textbook example of a shotgun pleading." Def. Early Warning's Mot. Dismiss 4. The Court agrees.

The Complaint is, in the Court's view, almost entirely incomprehensible. Jackson names Early Warning, Equifax, TransUnion, and Experian as Defendants on the civil cover sheet, then states that an unspecified "Defendant" (singular) "has defamed the plaintiff by knowingly, intentionally [sic] repeatedly publishing false and inaccurate information about the plaintiff to

---

[5] These pleadings also often violate Federal Rule of Civil Procedure 10(b), which requires that parties state claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See also JPMorgan Chase Bank, N.A. v. Hayhurst Mortgage, Inc.*, No. 10-21501-CIV, 2010 WL 2949573, at *2 (S.D. Fla. July 26, 2010) (quoting Fed. R. Civ. P. 10(b)) (noting that shotgun pleadings fail to comply with Rule 10(b)).

third parties who reasonably recognize the information is defamatory." Compl. 1. He alleges all "Defendants" have not provided him with a copy of "*ANY* original documentation (not copy of or copies)," without clarifying the type of "original documentation" sought, other than stating "a consumer contract with the wet-ink signature on it." Compl. 2 (emphasis in original). Jackson also cites various federal and state laws and regulations, quoting some of them at length.[6] Compl. 2-3. He also "avers that the defendants have failed to comply with the Maryland Consumer Debt Act [sic], the Fair Credit Billing Act, and the Truth-in-Lending Act," notes that he "disputed the amounts that the defendants have been reporting on his credit file," and demands that certain "accounts" be "**verified or deleted immediately**," asking for $25,000 in damages. Compl. 1-3 (emphasis in original).

Throughout the Complaint, Jackson pleads various violations, but fails to ascribe any particular actions to any particular Defendant.[7] Moreover, the few bare factual assertions the Court can glean from the Complaint – that Defendants did not provide him with "original documentation" of "a consumer contract" with his signature on it, and that he has disputed the amounts that the Defendants have been reporting – are not connected in any conceivable way with the statutes Jackson cites. In sum, the Court considers the Complaint as a whole insufficient to meet the requirements of Rule 8, containing, as it does, unsupported, conclusory allegations and prevents Defendants from providing a meaningful response. *See Twombly*, 550 U.S. at 555 (internal quotations and citations omitted) (holding that the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon

---

[6] He specifically references, cites, and/or quotes: the FCRA, §§ 609(a) [15 U.S.C. § 1681g], 611(a)(1)(A) [15 U.S.C. § 1681i], and 611(a)(5)(A) [15 U.S.C. § 1681i]; the FDCPA, 15 U.S.C. § 1692(g); the FCBA, 15 U.S.C. § 1666(a)(3)(B)(ii); TILA Regulation Z, 12 C.F.R. §§ 226.12, 226.13(d)(1); the MCPA, and the MCDCA.

[7] As noted above, the details about Jackson's various letters to Experian, Early Warning, and TransUnion referenced in Part II. Background, *supra*, were only deduced through the Court's review of Jackson's Motions to Strike.

Case 8:15-cv-01233-PJM   Document 41   Filed 02/05/16   Page 9 of 14

which it rests"). While the Court recognizes that this is a *pro se* Complaint, "the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Adam v. Wells Fargo Bank, N.A.*, No. 1:09-CV-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010). Simply put, the Court "cannot construct the plaintiff's legal arguments for him." *Id.* But, once again, the Court is not quite ready to show Mr. Jackson the door. Jackson will be given thirty (30) days to see if he can fortify his Complaint with appropriately specific allegations.

### 2) *Failure to State a Claim Upon Which Relief May Be Granted*

Given the skimpiness of the Complaint, Defendants attempt to argue, pursuant to Rule 12(b)(6), that the Complaint fails to state a cause of action and should be dismissed on that ground. As to some of Jackson's attempted claims, Defendants are correct and no amount of re-pleading by Jackson can defeat dismissal. As to a few claims, however, the Cout will give Jackson thirty (30) days to see if he can cure the deficiencies. Defendants may then respond with further motions to dismiss.

### (a) FCRA Claims

Jackson asserts that Defendants have violated the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. §§ 1681(e)(b) (requiring consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" of consumer reports), 1681g (requiring consumer reporting agencies to disclose information in the consumer's credit file upon request, with certain limitations and exceptions), and 1681i (requiring consumer reporting agencies to follow a proper reinvestigation of the consumer's file when the accuracy of the information is disputed). *See* Compl. 2-3. All Defendants, according to Jackson, are liable for negligent noncompliance with these provisions of the FCRA by reason of 15 U.S.C. § 1681o. *Id.*

In support of these allegations, Jackson notes only that Defendants reported inaccurate information concerning his credit history (and that he attempted to dispute the inaccuracies), and that the Defendants failed to provide him with certain information in his credit file, specifically a "consumer contract" with his "wet ink" signature on it. *Id.*

But in order to state a claim for relief under the FCRA under 15 U.S.C. § 1681(e)(b) (referred to as a "reasonable procedures claim") or under 15 U.S.C. § 1681i (referred to as a "reinvestigation claim"), the plaintiff must allege facts showing that the consumer reporting agency prepared a consumer report that contained inaccurate information (in addition to other elements). *Brown v. Experian Credit Reporting*, No. 12-CV-2048-JKB, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) (citing *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir.2001); *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 451 (E.D. Va. 2009)) ("In order to state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained inaccurate information. The same is true of § 1681i(a).").

Beyond simply suggesting that certain information in Jackson's credit file was inaccurately reported by Defendants, the Complaint fails to specify what information was inaccurately reported and by which Defendants. Without further factual allegations to this effect, the Court is not obligated to accept Jackson's conclusory statement that the information in his credit files was inaccurate, *see E. Shore Markets*, 213 F.3d at 180, and it will not do so here. In other words, Jackson's Complaint does not properly allege in sufficient detail precisely in what respect his credit files were inaccurate, and thus fails to state either a reasonable procedures claim or a reinvestigation claim under the FCRA. Jackson will be given thirty (30) days to re-plead the claims under 15 U.S.C. §§ 1681(e)(b) and 1681i in sufficient detail or face dismissal of the claims.

The Court turns to Jackson's attempt to state an FCRA claim under 15 U.S.C. § 1681g. As noted above, this provision of the FCRA requires credit reporting agencies to produce certain information accurately to consumers upon request. The only factual allegation which could conceivably be tied to this claim is the Defendants' purported failure to send Jackson a "consumer contract" with a "wet ink" signature on it. Here, Jackson may be referring to Defendants' failure to send him a copy of his original contracts with financial institutions for certain lines of credit, but he does not specify this anywhere in the Complaint. *See generally id.* Jackson will be given thirty (30) days to flesh out this claim under 15 U.S.C. § 1681g.

(b)  **TILA and FCBA Claims**

Jackson purports to bring claims against Defendants under the Truth-in-Lending Act (TILA) and the Fair Credit Billing Act (FCBA).[8] *See* Compl. 2-3. Both Acts are designed to promote the informed use of credit, and their requirements apply to "creditors" and credit card issuers. *See* 15 U.S.C. §§ 1601, 1602. Jackson, however, does not allege facts to suggest that any Defendant is or was, at any relevant time, a creditor or credit card issuer—and, in fact, they are not. *See* CFPB, *List of Consumer Reporting Agencies*. Indeed, the Complaint itself actually appears to identify the Defendants (correctly) as "[c]onsumer reporting agencies." *See* Compl. 2. Any claims under either TILA or the FCBA thus fail as a matter of law and are dismissed as to all Defendants, Equifax included.

(c)  **FDCPA and MCDCA Claims**

Jackson also attempts to allege debt collection violations under the Fair Debt Collection Practices Act (FDCPA) and the Maryland Consumer Debt Collection Act (MCDCA), but these

---

[8] TILA was enacted in 1968. The FCBA, enacted in 1974, added a number of provisions to TILA concerning, in general, billing statements sent by obligors to creditors. *See Am. Exp. Co. v. Koerner*, 452 U.S. 233, 234-36 (1981).

claims also fail as a matter of law. The federal FDCPA only applies to "debt collectors" attempting to collect a debt. *See* 15 U.S.C. §§ 1692, 1692a(6) (defining "debt collector" as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *see also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 500 (D. Md. 2004). Similarly, Maryland's law regulating debt collection, the MCDCA, applies only to "collector[s]," defined as "person[s] . . . attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law §§ 14-201, 14-202; *see also Awah v. Capital One Bank, N.A.*, CIV.A. DKC-14-1288, 2015 WL 302880, at *4 n.8 (Jan. 22, 2015). The Complaint contains no allegation that Defendants, consumer reporting agencies all, were attempting to collect a debt, nor would they conceivably be doing so. The Court accordingly concludes that the FDCPA and MCDCA claims fail to state a cognizable claim upon which relief may be granted, and they must therefore be dismissed, not only to the three moving Defendants, but to Equifax as well.

    **(d)  MCPA Claims**

Jackson only mentions the Maryland Consumer Protection Act (MCPA) by name briefly on the civil cover sheet to the Complaint. He does not specify in his Complaint which provisions of the Act Defendants allegedly violated. Compl. 1. In general, the MCPA prohibits "unfair or deceptive trade practices" and contains fourteen categories of proscribed conduct. Md. Code Ann., Com. Law §§ 13-301(1)-(15); *see also Marshall v. James B. Nutter & Co.*, 816 F. Supp. 2d 259, 266 (D. Md. 2011). As noted earlier, the core factual allegation of the Complaint is that Defendant consumer reporting agencies inaccurately reported Jackson's credit history and failed to reasonably reinvestigate disputed accounts. This type of activity is not encompassed by any of

the fourteen categories of proscribed conduct in the MCPA. *See generally* Md. Code Ann., Com. Law §§ 13-301(1)-(15). For this reason, Jackson's MCPA claims fail as a matter of law as to all Defendants, including Equifax.

**(e) Defamation**

In addition to alleging the statutory violations, Jackson states that "Defendant [Court's note: *Which* Defendant?] has defamed the plaintiff by knowingly, intentionally [sic] repeatedly publishing false and inaccurate information about the plaintiff to third parties who reasonably recognize the information is defamatory with the intent to injure plaintiff, causing plaintiff to be denied the opportunity to open up a checking account and obtain credit." Compl. 1.

In Maryland, "a claim for defamation requires that the defendant made a defamatory statement to a third person, [and] that the statement was false." *Brown v. Experian Credit Reporting*, No. 12-CV-2048-JKB, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) (quoting *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (internal quotations omitted). As with his FCRA claims, however, Jackson fails to specify exactly what statements or credit reports were false. Rather, the Complaint contains only conclusory allegations that defamatory statements were made at some point by one, possibly all the Defendants. These are exactly the sort of conclusory statements that "fail to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 556; *see also Artis v. U.S. Foodservice, Inc.*, No. CIV.A. ELH-11-3406, 2012 WL 2126532, at *10 (D. Md. June 12, 2012) (dismissing a defamation claim because the plaintiff failed to identify any allegedly defamatory statements). Again, for now at least, Jackson will be indulged. He shall have thirty (30) days to address this deficiency or face dismissal of the claim.

## III. CONCLUSION

For the foregoing reasons, Experian's, Early Warning's, and TransUnion's Motions to Dismiss (ECF Nos. 8, 21, and 33) are **GRANTED IN PART** and **DENIED IN PART**, as set forth in the accompanying Order.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February 3, 2016