IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AINSWORTH C. JACKSON,** | * | |
| | * | |
| Plaintiff, *pro se* | * | |
| v. | * | Civil No. PJM 15-1233 |
| | * | |
| **EARLY WARNING,** *et. al.* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Ainsworth C. Jackson (Jackson), *pro se*, has sued Early Warning Services, LLC (Early Warning), Equifax Information Services, LLC (Equifax), Trans Union, LLC (Trans Union), and Experian Information Solutions, Inc. (Experian). His Original Complaint contended that Defendants, all consumer reporting agencies (CRAs), had violated provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Truth-in-Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law, § 14-201, *et seq.*, and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law § 13-101, *et seq.* He also sued for common law defamation.

Following an initial round of Motions to Dismiss for failure to state a claim, the Court, on February 5, 2016, issued a Memorandum Order and Opinion dismissing with prejudice all of Jackson's claims except those based on the FCRA and defamation. *See* Mem. Op. and Order, ECF Nos. 41, 42. The Court, however, granted Jackson an opportunity to file an Amended Complaint to fortify his FCRA and defamations claims with appropriately specific factual allegations. *See* Mem Op. at 6–7. Jackson subsequently filed a Motion in Response to the Court's

Order, ECF No. 43, which the Court treated as a Supplement to the Complaint. *See* Mem. Order, ECF No. 44. Trans Union thereafter filed an answer, ECF No. 45, Early Warning filed a Renewed Motion to Dismiss or, in the alternative, a Motion for Summary Judgment, ECF No. 46, and both Equifax and Experian filed Motions to Dismiss, ECF Nos. 47, 48. Jackson filed a single response in opposition, ECF No. 50, and Early Warning, Equifax, and Experian each filed replies, ECF Nos. 52, 53, 54.

For the following reasons, Trans Union's,[1] Early Warning's, Equifax's, and Experian's Motions to Dismiss (ECF Nos. 33, 46, 47, and 48) are **GRANTED**.

## I. FACTUAL BACKGROUND

The Original and Supplemental Complaints vaguely assert that Defendants failed to verify the accuracy of their reporting with respect to certain of Jackson's credit accounts, and that these failures negatively impacted his credit rating, thus denying him the opportunity to open up a checking account and obtain credit. *See* Compl., ECF No. 2; Suppl. Compl, ECF No. 43. He seeks $25,000 in damages. *See* Compl. While the Complaints are largely devoid of material factual allegations, the Court has been able to glean certain basic facts from the filings submitted in connection with the Motions to Dismiss.[2]

CRAs are defined as "companies that collect information and provide reports on consumers that are used to decide whether to provide consumers credit, insurance, or

---

[1] Although Trans Union did not move to dismiss the Supplemental Complaint, choosing instead to file an answer, ECF No. 45, because Jackson has failed to cure the deficiencies noted in Trans Union's original Motion to Dismiss the Original Complaint, his claims will be dismissed as to Trans Union as well.

[2] The Court has drawn these facts largely from Jackson's Motions to Strike Experian's, Early Warning's, and Trans Union's original Motions to Dismiss. ECF Nos. 25, 32, and 38. Although the Court has denied these motions as frivolous, ECF No. 40, the Court considers them here to the extent that they provide factual information otherwise lacking in the Complaints. The Court, however, considers these facts only to establish a background; these additional filings are not deemed to be "well-pleaded allegations" by Jackson for the purposes of overcoming a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

employment, and for other purposes." Consumer Financial Protection Bureau (CFPB), *List of Consumer Reporting Agencies*, CFPB (January 14, 2015, 2:30 p.m.), http://files.consumerfinance.gov/f/201501_cfpb_list-consumer-reporting-agencies.pdf. All Defendants collected information about Jackson's credit history and reported that information to financial institutions, and qualify as CRAs. *See* Compl. 2–3.

In 2013 and 2014, Jackson says he reviewed credit reports prepared by Defendants and identified eight inaccuracies. *See* Suppl. Compl. 1–3; Pl.'s Mot. Strike as Sham and False Defendant Experian's Mot. Dismiss (Pl.'s Mot. Strike Experian's Mot.) 2–3, ECF No. 25; Pl.'s Mot. Strike as Sham and False Defendant Early Warning's Mot. Dismiss (Pl.'s Mot. Strike Early Warning' Mot.) 1–2, ECF No. 32; Pl.'s Mot. Strike as Sham and False Defendant Trans Union's Mot. Dismiss (Pl.'s Mot. Strike Trans Union's Mot.) 1–2, ECF No. 38. According to Jackson, the reports included accounts that did not belong to him and accounts that were closed and/or paid off in full. *See* Suppl. Compl. 1–3. Jackson alleges that he disputed some of these inaccuracies by contacting the companies on numerous occasions and demanding that they verify whether certain of his credit accounts were accurately reported, and whether certain credit accounts listed in each report even belonged to him. *See* Pl.'s Mot. Strike Experian's Mot. 2-3; Pl.'s Mot. Strike Early Warning's Mot. 1-2; Pl.'s Mot. Strike Trans Union's Mot. 1-2. He does not indicate whether his supposed contacts were purely oral, as opposed to written, with whom he spoke, what he said, or when. Jackson says he lodged some of these disputes with Defendants directly, and took up others with the furnishers of the information. *See* Suppl. Compl. According to Jackson, his credit reports do not reflect these disputes. *Id*.

## II. PROCEDURAL BACKGROUND

Jackson filed a Complaint on March 13, 2015 in the District Court of Maryland for Prince George's County. *See* Compl. The case was removed by Experian to this Court on April 28, 2015. Notice of Removal, ECF No. 1. Jackson alleged that Defendants violated a variety of state and federal statutes, as well as committed common law defamation. *See Compl.* In a Memorandum Order and Opinion, the Court dismissed with prejudice five of Jackson's claims, but gave him the opportunity to file an Amended Complaint with respect to his FCRA and defamation claims.

The Court held that the Complaint was insufficient to meet the requirements of Rule 8 because it contained only "unsupported, conclusory allegations." *Id*. Nevertheless, the Court was able to infer that Jackson's FCRA allegations related to 15 U.S.C. §§ 1681e(b), 1681g, and 1681i. Concluding that Jackson had failed to plead his claims under § 1681e(b) and § 1681i in sufficient detail, the Court instructed him to re-plead those claims or face dismissal. *Id*. at 10. Specifically, the Court held that "the Complaint fail[ed] to specify what information was inaccurately reported ***and*** by which Defendants." *Id*. (emphasis added). Additionally, the Court had trouble discerning how, according to Jackson, Defendants had violated § 1681g, and directed him to flesh out this claim. *Id*. at 11. As for Jackson's defamation claim, the Court held that, "the Complaint contains only conclusory allegations that defamatory statements were made at some point by one, possibly all the Defendants." *Id*. at 13. Accordingly, it suggested that Jackson address this deficiency. *Id.*

On March 3, 2016, Jackson filed a "Motion in Response to Court's February 5, 2016 Order." In a Memorandum Order on March 18, 2016, the Court directed the Clerk to docket this "Motion" as a Supplement to the Complaint. Subsequently, Early Warning filed a Renewed

Motion to Dismiss or, in the alternative, a Motion for Summary Judgment, ECF No. 46, and both Equifax and Experian filed Motions to Dismiss, ECF Nos. 47, 48. Trans Union filed an answer, ECF No. 45, to the Supplemental Complaint. However, the Court will consider Trans Union's Motion to Dismiss the Original Complaint, ECF No. 33.

All four Defendants assert that the Complaint fails as a matter of law to plead intelligible facts as required by Federal Rule of Civil Procedure 8(a)(2) or to state a cause of action pursuant to Rule 12(b)(6) and should be dismissed for those reasons.

### III. ANALYSIS

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing Fed. R. Civ. P. 8(a)(2)). Supplementing Rule 8(a), Rule 8(d), however, states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to

5

apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

Defendants challenge the sufficiency of Jackson's Complaint as a matter of law. First, they argue that the Complaint should be dismissed wholesale because it remains an impermissible shotgun pleading, failing on its face to comply with the requirements of Rule 8(a)(2). Def. Trans Union's Mot. Dismiss, 4–5, ECF No. 33, Early Warning's Mot. Dismiss 5–6, ECF No. 46; Def. Equifax's Mot. Dismiss 4, ECF No. 47, Def. Experian's Mot. Dismiss 4, ECF No. 48. Further, to the extent that the allegations in the Complaint are at all intelligible, Defendants contend that they fail to state a claim for relief under Rule 12(b)(6). Def. Trans Union's Mot. Dismiss 6-14, Def. Early Warning's Mot. Dismiss 6–12, Def. Equifax's Mot. Dismiss 4–7, Def. Experian's Mot. Dismiss 5–11. The Court agrees with Defendants that Jackson's Supplemental Complaint fails to cure the pleading deficiencies identified in its February 5, 2016 Memorandum Order and Opinion and otherwise fails to state a claim for relief.

**A. Shotgun Pleading**

A complaint which "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief" constitutes a "shotgun pleading." *SunTrust Mortgage, Inc. v. First Residential Mortgage Servs. Corp.*, No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, No. 3:12CV162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013). Rule 8(a)(2) "prohibit[s]" "[p]leadings of this nature." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[3] Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), *see Twombly*, 550 U.S. at 555; they also "water[] down the rights of parties to have valid claims litigated efficiently" and waste scarce judicial resources, *see Byrne v. Nezhat*, 261 F.3d 1075, 1130-31 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

The Court held that Jackson's Original Complaint was a "textbook example of a shotgun pleading," Mem. Op. 7. His Supplemental Complaint hardly fares better.

The Supplemental Complaint still fails to "pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. To be sure, Jackson has heeded the Court's instructions in part, adding details specifying eight pieces of allegedly inaccurate information reported by Defendants. As such, the Court now has a somewhat better understanding of the inaccuracies alleged. However, Jackson still has not addressed the Court's requirement that he specify which Defendants made which

---

[3] These pleadings also often violate Federal Rule of Civil Procedure 10(b), which requires that parties state claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See also JPMorgan Chase Bank, N.A. v. Hayhurst Mortgage, Inc.*, No. 10-21501-CIV, 2010 WL 2949573, at *2 (S.D. Fla. July 26, 2010) (quoting Fed. R. Civ. P. 10(b)) (noting that shotgun pleadings fail to comply with Rule 10(b)).

inaccurate reports. Rather, the Supplemental Complaint, once again pleads various violations without ascribing any particular actions to any particular Defendant.[4] The Supplemental Complaint repeatedly states that "[a]ll of the named defendants have" listed the various inaccuracies in Jackson's credit file. Accordingly, both Defendants and the Court remain unable to reasonably infer which Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. *See also Turton v. Virginia Dep't of Educ.*, No. 3:14CV446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014) ("[T]his Amended Complaint is the quintessential 'shotgun pleading' that presents many different transactions, occurrences, and series of transactions or occurrences and that is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded.").

Like the Original Complaint, the Supplemental Complaint makes bare factual assertions only minimally connected with the statutes cited. Jackson does not allege individual conduct that, if proven, would demonstrate that a law was violated or otherwise states a claim for relief against any particular Defendant. The facts supplied by him simply do not support the individual claims asserted against Defendants. Rather, he refers generally to 15 U.S.C. § 1681, without indicating how the allegations correspond to specific FCRA violations asserted. This failure impedes Defendants' ability to reasonably respond as they cannot unravel how the allegations relate to the various elements of §§ 1681e(b), 1681i, and 1681g. The Supplemental Complaint also references violations committed by non-defendant furnishers, seemingly seeking to hold Defendants responsible for the purported actions of First Premier Bank, Bank of America, and American Express, despite the lack of any apparent legal basis for making them liable.

---

[4] The Supplemental Complaint does reference Trans Union individually. However, Jackson fails to refer to the other Defendants by name, and even his references to Trans Union are unduly vague, as he merely cites to his Trans Union credit report, which he attaches as an exhibit.

Because Jackson has failed to fortify his Complaint with appropriately specific allegations, the Court finds the Complaint insufficient to meet the requirements of Federal Rule of Civil Procedure 8.[5] Even supplemented, the Complaint continues with unsupported, conclusory allegations that preclude Defendants from providing meaningful responses. *See Twombly*, 550 U.S. at 555. While the Court recognizes that this is a *pro se* Complaint, "the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Adam v. Wells Fargo Bank, N.A.*, 2010 WL 3001160, at *3 (D. Md. July 28, 2010). Simply put, as the Court previously warned, it "cannot construct the plaintiff's legal arguments for him." *Id.*

## B. Failure to State a Claim Upon Which Relief May Be Granted

Apart from the intractable allegations of the Complaint, Defendants argue, pursuant to Rule 12(b)(6), that it fails to state a cause of action and should be dismissed on that ground.

### 1) FCRA Claims

Jackson asserts that Defendants have violated the FCRA, specifically 15 U.S.C. §§ 1681e(b) (requiring CRAs to follow "reasonable procedures to assure maximum possible accuracy" of consumer reports), 1681g (requiring CRAs to disclose information in the consumer's credit file upon request, subject to certain limitations and exceptions), and 1681i (requiring CRAs to conduct a proper reinvestigation of the consumer's file when the accuracy of the information is disputed). *See* Compl. 2–3. All Defendants, according to Jackson, are liable for negligent noncompliance with these provisions of the FCRA by reason of 15 U.S.C. § 1681o.

---

[5] "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Additionally, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

*Id.* In support of these allegations, Jackson submits that Defendants reported inaccurate information concerning his credit history despite his attempts to dispute the inaccuracies, *see* Suppl. Compl. 1–3, and that Defendants failed to provide him with certain information in his credit file, specifically a "consumer contract" with his "wet ink" signature on it. *See* Compl.

The FCRA does not impose strict liability. *See Tinsley v. TRW Inc.*, 879 F. Supp. 550, 552 (1995), *aff'd,* 64 F.3d 659 (4th Cir. 1995). Accordingly, Jackson must show that Defendants willfully or negligently failed to comply with the FCRA. *See* § 1681n and § 1681o. *See also Ausherman v. Bank of Am.*, 352 F.3d 896, 899-900 (4th Cir. 2003).

    **(a)    15 U.S.C. § 1681e(b) – "Reasonable Procedures Claim"**

15 U.S.C. § 1681e(b) (referred to as a "reasonable procedures claim") states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "Interpreting § 1681e(b), courts have held that a plaintiff cannot establish a prima facie violation of this part of the FCRA, absent a showing that: (1) the consumer report contains inaccurate information and (2) the [CRA] did not use reasonable procedures to ensure the accuracy of the information." *Jianqing Wu v. Trans Union*, No. CIVA AW-03-1290, 2006 WL 4729755, at *4 (D. Md. May 2, 2006) (emphasis supplied), *aff'd sub nom. Jianqing Wu v. Equifax*, 219 F. App'x 320 (4th Cir. 2007). *See also Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). "Nothing in the statute suggests that a plaintiff is relieved of the burden of showing that the agency failed to follow reasonable procedures." *Dalton*, 257 F.3d at 416. While the failure of a CRA to follow "reasonable procedures" is ordinarily a "jury question[ ] in the overwhelming majority of cases." s*ee id.* (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)),

the plaintiff is still required to "minimally present some evidence" of unreasonableness. *See id.* (quoting *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984)).

Unlike the Original Complaint, the Supplemental Complaint fairly alleges that Defendants listed inaccurate information in Jackson's credit file. However, neither the Original Complaint nor the Supplemental Complaint allege that Defendants failed to use reasonable procedures to ensure the reports' accuracy. In fact, neither pleading references a single procedure implemented (or not implemented) by Defendants. That is, there is absolutely no discussion of the ways that Defendants did not seek to ensure that their information was accurate, let alone whether what Defendants did or did not do was reasonable. The implementing regulations of the FCRA make clear that a CRA in fact follows reasonable procedures if it relies on information from a reputable source unless it has some notice of systemic problems with the accuracy of its reports. *See Wu* at *6 (citing Commentary on the Fair Credit Reporting Act, 16 C.F.R. pt. 600 app.). Here, Jackson has not alleged that Defendants had such notice. Therefore, because Jackson has failed to plausibly assert any specific allegation of unreasonableness on the part of Defendants, the Court can only presume that Defendants followed reasonable procedures. In light of this, Jackson's reasonable procedures claim must be dismissed.

Jackson's § 1681e(b) claim must also be dismissed because he has failed to allege that Defendants prepared a credit report about him. Section 1681e(b) only provides protection for a consumer where "a consumer reporting agency prepares a consumer report." *See* 15. U.S.C. 1681e(b), Other circuits have held that a "[t]here is no consumer report unless there is a 'communication . . . for the purpose of serving as a factor in establishing the consumer's eligibility for' credit or other statutorily enumerated purposes, i.e., there cannot be a consumer report without disclosure to a third party." *Wantz v. Experian Information Solutions*, 386 F.3d

829 (7th Cir. 2004) ("In short, where there is no evidence of disclosure to a third party, the plaintiff cannot establish the existence of a consumer report.") (*abrogated on other grounds*, *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56 n. 8 (2007) (citing *Renninger v. ChexSystems,* No. 98 C 669, 1998 WL 295497, at *4–5 (N.D. Ill. May 22, 1998) (internal citations omitted)); *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b."); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007) ("Because a prerequisite to a cause of action under § 1681e(b) is evidence showing that a consumer report was furnished to a third party, all of [plaintiff's] FCRA claims fail as a matter of law."). This requirement is appropriate for two reasons. First, if inaccurate information is never disclosed to a third party, the plaintiff cannot claim injury. Second, under the FCRA, a consumer report is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for," personal credit or insurance purposes, employment purposes, and other purposes. 15 U.S.C. § 1681a(d)(1). In order to serve such a purpose, a credit report would need to be disclosed to a third party.

Put simply, Jackson has in no way pled with specificity that Defendants disclosed his credit information to a third party. While he alludes to the fact that Defendants have maintained credits file about him and cites to and attaches his Trans Union credit history, he does not allege

that Defendants communicated any of this information to a third party.[6] Accordingly, even assuming *arguendo* that Jackson could establish that Defendants failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning [him]," he would not have a viable cause of action under § 1681e(b) because he does explain when and to whom Defendants disclosed the credit reports.

### (b) 15 U.S.C. § 1681i – "Reinvestigation Claim"

15 U.S.C. § 1681i (referred to as a "reinvestigation claim") permits a consumer to challenge the content of credit reports. Section 1681i(a) states that where a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file," and "notifies the agency . . . of such dispute," the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). If "an item of the information is found to be inaccurate or incomplete or cannot be verified," the agency must "delete that item of information from the file of the consumer, or modify that item of information, as appropriate." *Id*. § 1681i(a)(5)(A)(i). Irrespective of the results of the reinvestigation, within thirty days of receiving notice, the CRA must "record the current status of the disputed information, or delete the item from the file." *Id*. § 1681i(a)(1)(A). The CRA must also provide notice to the consumer of the results of a reinvestigation within five business days of completing the reinvestigation, *id*. § 1681i(a)(6), and if the CRA modifies or deletes any information in the credit file, it must notify the furnisher of that information of the change. *Id*. § 1681i(a)(5)(A)(ii).

Jackson does not specify which subsection of § 1681i Defendants allegedly violated. The Original Complaint proclaims only that CRAs "bear grave responsibilities to ensure the accuracy

---

[6] In his Original Complaint, Jackson says that Defendants "published false and inaccurate information about [him] to third parties who reasonably recognize[d] the information is defamatory . . ." However, such a conclusory statement is simply insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

of the accounts they report on and that responsibility must consist of something more than merely parroting information received from other sources."[7] The Supplemental Complaint offers no more than threadbare recitals of many of § 1681i's requirements, stating that "individuals . . . may dispute inaccurate information that appears in a credit report . . . [and CRAs] are required to investigate disputes and provide a report back to the consumer. If the CRA cannot resolve the dispute, the individual can add a statement to the credit report. Inaccurate or unverifiable information must be removed within 30 days of notice of the dispute."[8]

As stated above, a CRA's liability under § 1681i is triggered only when "the completeness or accuracy [of the information] . . . is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute." *Id.* § 1681i(a)(1)(A). *See Petty v. Equifax Info. Servs., LLC,* No. CIV.A. CCB-10-694, 2010 WL 4183542, at *3 (D. Md. Oct. 25, 2010). *See also Alston v. Branch Banking & Trust Co.,* No. GJH-15-3100, 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) ("To state a claim for violation of § 1681i, a plaintiff must allege '(1) that [s]he disputed the accuracy of an item in . . . her credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the CRA could have uncovered the inaccuracy.") (quoting *Burke v. Experian Info. Sols., Inc.*, No. 1:10-CV-1064 AJT/TRJ, 2011 WL 1085874, at *3 (E.D. Va. Mar. 18, 2011)); *Casella v. Equifax Credit Info.*

---

[7] The Original Complaint loosely mentions FCRA § 611(a)(1)(A) [§ 1681i(a)(1)(A)], with respect to the allegation that Defendants did not provide Jackson with a copy of original documentation with a wet-ink signature on it. It also cites to 15 U.S.C. § 1666, the Fair Credit Billing Act, which requires that after a creditor receives written notice form an obligor of a billing error in a statement, the creditor must conduct an investigation and send written explanation to the consumer setting forth why the creditor believes the account was correctly shown in the statement. However, as explained in the Court's February 5, 2016 Memorandum Opinion, Jackson "does not allege facts to suggest that any Defendant is or was, at any relevant time, a creditor or credit card issuer—and, in fact, they are not."

[8] The Supplemental Complaint also suggests that furnishers have duties once an individual disputes inaccurate information with them, likely referring to the requirements of 15 U.S.C. § 1681s-2. However, because Jackson does not allege facts suggesting that any Defendant is or was, at any relevant time, a furnisher—and, in fact, they are not—this assertion is meritless.

*Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) ("Prior to being notified by a consumer, a credit reporting agency generally has no duty to reinvestigate credit information."). This requirement serves an important purpose: "Without notice of a consumer's dispute, including an explanation of why a consumer believes his or her report is inaccurate or incomplete, a CRA generally would not know what information to reinvestigate, how to reinvestigate it, or whether upon reinvestigation the information is indeed inaccurate or incomplete." *Id.* Accordingly, for each of the inaccuracies alleged by Jackson, the Court must search for a corresponding allegation that Jackson disputed the inaccuracy with Defendants.

Jackson's Supplemental Complaint alleges eight separate – and conveniently numbered – credit file inaccuracies. *See Suppl. Compl.* With regard to numbers two (Walmart), four (Credit One Bank), five (FNB Omaha), and seven (Bank of America), Jackson does not allege that he disputed the alleged inaccuracies with any of these furnishing companies, much less with Defendants. *See id.* With respect to numbers one (American Express), three (First Premier Bank), and six (Capital One), Jackson alleges that he apparently did lodge disputes with these furnishing companies (as opposed to any Defendant), but he does not allege to whom he brought the dispute or when. Since he has not pled that he disputed the foregoing supposed inaccuracies with Defendants at all, as opposed to the furnishers themselves or some third party, no cause of action has been stated against Defendants.[9] This leaves only inaccuracy number eight (the "Verizon" inaccuracy).

---

[9] Disputing an inaccuracy with a furnisher is not enough. Even if the CRA is informed of the dispute by the furnisher, the FCRA requires that the information be conveyed *by the consumer* directly to the credit reporting agency. *See* 15 U.S.C. § 1681i(a)(1)(A). *See also Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 833 (E.D.N.Y. 1994). Moreover, even if the Supplemental Complaint adequately alleged that Jackson disputed the inaccuracies related to numbers one, three, and six with Defendants, Jackson's § 1681i claims would fail as a matter of law for the reasons stated below with respect to inaccuracy number eight.

In the Supplemental Complaint, Jackson states, "All of the named defendants have listed the account with plaintiff's Verizon account as being a collection account; this information is incorrect and inaccurate because this Verizon account was never a collection account and plaintiff had paid it off in full and plaintiff disputed this inaccurate information to all named defendants but they never corrected the inaccuracy of this account." *Suppl. Compl.* 3. Unlike the other alleged inaccuracies, Jackson does explicitly allege that he disputed the Verizon inaccuracy with Defendants. However, he has failed to plead anything more than that the inaccuracy relates to the categorization of Jackson's Verizon account as a collections account and the existence of a debt owed on that account. Accordingly, Defendants – and the Court – are left with virtually no understanding of the nature of the dispute. Jackson does not specify when and how he disputed the information with any one Defendant. *C.f. Ogbon v. Beneficial Credit Servs., Inc.*, 2011 WL 347222 * 3 (S.D.N.Y. Feb. 1, 2011). Rather, he relies on a blanket statement that he disputed this inaccuracy with every Defendant. Lacking as it does appropriate specifics (when?, how?, etc.), it would be patently unfair to take the Defendants to law over allegations as vague as these.

Moreover, other than threadbare recitals of the § 1681i requirements, Jackson does not allege that Defendants failed to conduct a reasonable reinvestigation or provide him with notice of the reinvestigations results. The mere failure of a CRA to delete information does not raise a claim under § 1681i. The statute only requires the deletion of information if the reinvestigation reveals that the information is "inaccurate or incomplete or cannot be verified." 15 U.S.C. § 1681i(a)(5)(A). A claim under § 1681i requires showing that "the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items . . . ." *Parker v. Certified Profile, LLC*, No. 7:14-CV-37-BO, 2014 WL 3534129, at *2 (E.D.N.C. July 16, 2015). In this case, Defendants might well have fulfilled their obligations under § 1681i by reinvestigating the

disputed items and determining that they should not be deleted, regardless of Jackson's assertions that they are "inaccurate." The § 1681i claim is therefore dismissed against all Defendants.

### (c) 15 U.S.C. § 1681g – "Disclosures to Consumers Claim"

15 U.S.C. § 1681g requires CRAs to disclose information in a consumer's credit file upon request from the consumer, subject to certain limitations and exceptions. Like the Original Complaint, the Supplemental Complaint contains only one factual allegation which can conceivably be tied to this statute. That allegation – related to Defendants' purported failure to supply Jackson with verified and validated copies of his original signed certified consumer contracts – is nearly identical to the allegation rejected by the Court as too vague in its February 5, 2016 Memorandum Opinion. The Complaints seemingly assert that § 1681g requires CRAs to physically verify the original signed certified consumer contract for all accounts listed on a credit report, then to supply the customer with these verified documents. However, § 1681g does not require CRAs either to verify original signed consumer contracts or to send them to consumers. As the Court noted in the February 5, 2016 Memorandum Opinion, Jackson's assertions related to "'original documentation' of 'a consumer contract' with his signature on it . . . are not connected in any conceivable way with the statutes Jackson cites." Mem. Op. 8.  Furthermore, Jackson does not allege, with appropriate specifics (what?, when?, to whom?, etc.) that he requested the disclosure of a file or file information, as required by the FCRA. *See* 15 U.S.C. § 1681g ("Every consumer reporting agency shall, *upon request*, . . . disclose to the consumer . . .") (emphasis added). Accordingly, his § 1681ig claim is dismissed against all Defendants.

*2) Defamation Claim*

The Supplemental Complaint is altogether silent with respect to the defamation claim.[10] Therefore, it does not cure the defects in the Original Complaint, which, in its February 5, 2016 Memorandum Opinion, the Court said contained "only conclusory allegations that defamatory statements were made at some point by one, possibly all the Defendants." The Supplemental Complaint alleges only that an unspecified Defendant "knowingly, intentionally repeatedly publish[ed] false and inaccurate information about [him] to third parties." This mere recitation of the legal standard falls far short of pleading the malice or willful intent to injure which underpin a defamation claim.[11] Furthermore, Jackson does not allege when and to whom Defendants allegedly reported inaccurate information. In sum, he has failed to state a plausible claim for defamation. The defamation claim, along with the others, will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Trans Union's, Early Warning's, Equifax's, and Experian's Motions to Dismiss (ECF Nos. 33, 46, 47, and 48) are **GRANTED**, and Plaintiff's suit will be **DISMISSED WITH PREJUDICE** as set forth in the accompanying Order.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**December 13, 2016**

---

[10] Although Jackson's Response in Opposition states in general that Defendants submitted defamatory statements to various banks and companies, this allegation cannot be taken as "well-pleaded" for the purposes of overcoming a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Dides v. Ocwen Loan Servs., LLC*, 2013 WL 153858 at *1 (D. Md. Jan. 14, 2013).

[11] Because Jackson fails to allege that Defendants acted with "malice or willful intent to injure," his defamation claim is preempted by 15 U.S.C. § 1681h(e). *See Ross v. F.D.I.C.*, 625 F.3d 808, 814 (4th Cir. 2010).